UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH HALL**, individually, and **BETHANY HALL**, individually<br><br>Plaintiff,<br><br>v.<br><br>**CONSILIO, LLC,** formerly known as **SPECIAL COUNSEL, INC.,** a foreign for-profit corporation and **D4, an assumed name of SPECIAL COUNSEL, INC**, jointly and severally; and **JOHN CLINGERMAN,** individually,<br><br>Defendants. | CIV. NO. 23-11240 |

Jared M. Trust (P72993)
GIARMARCO, MULLINS & HORTON, P.C.
Attorney for Plaintiffs
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084
(248) 457-7049 / (248) 457-7001
jtrust@gmhlaw.com

### **PLAINTIFFS' FIRST AMENDED COMPLAINT**

NOW COME Plaintiffs KENNETH HALL and BETHANY HALL, by and through their attorneys GIARMARCO, MULLINS, & HORTON, P.C. for their First Amended Complaint against CONSILIO, LLC, formerly known as SPECIAL COUNSEL, INC. and D4, an assumed name of SPECIAL

COUNSEL, Inc.; and JOHN CLINGERMAN, individually, hereby submits the following First Amended Complaint:

## PARTIES

1. Plaintiff KENNETH HALL is an individual who resides in Oakland County, Michigan.

2. Plaintiff BETHANY HALL is an individual who resides in Oakland County, Michigan.

3. Defendant SPECIAL COUNSEL, INC. is a foreign business and a corporation headquartered in Jacksonville, Florida.

4. Defendant D4, an assumed name of SPECIAL COUNSEL, INC. is a foreign business and a corporation headquartered in Rochester, New York.

5. Defendant CONSILIO, LLC, is a foreign business and a corporation headquartered in Washington, DC.

6. John Clingerman is an individual who, upon information and belief, resides in Tampa Bay, Florida.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000.

2

## **FACTUAL BACKGROUND**

8. In connection with a separate lawsuit in the State of Michigan Oakland County Probate Court, current Plaintiffs Kenneth Hall and Bethany Hall were court-ordered to provide certain electronic devices, e-mail accounts, and other devices to Defendants Special Counsel, Inc. and D4 to data mine and forensically analyze.

9. Plaintiffs Kenneth Hall and Bethany Hall's electronic devices, including their personal computers, laptops, tablets, cell phones, and other electronic devices, were produced pursuant to an Electronically Stored Information ("ESI") Agreement dated September 20, 2020. (**Exhibit A**).

10. The ESI Agreement provided the following:

- D4 Technology & eDiscovery would be appointed as the third-party vendor;

- The scope of production included text messages, emails, or other electronic communications from 2012 to present;

- The "search protocol," as required by a prior June 3, 2020 Order issued by the probate court, was a "two-level search." D4 would conduct a Level 1 search using specific search criteria and, from the ESI captured from that search, would conduct a Level 2 search with agreed-upon criteria.

(**Exhibit A**).

11. On September 23, 2020, Defendants certified its compliance with the terms of the ESI Agreement. (**Exhibit B**).

3

12. Thereafter, Plaintiffs Kenneth Hall and Bethany Hall produced their personal and work devices to D4 for data collection. Defendant Clingerman/D4 then collected the electronically stored information from these devices and generated an "unallocated space report," which consisted of approximately 6 million lines of data.

13. Instead of conducting the two-level search as required by the ESI Agreement, Defendant Clingerman/D4 conducted only a single-level search, which produced many more million lines of data than would have been produced pursuant to a two-level search.

14. In an email dated January 8, 2021, D4 admitted that it had only performed a single-level search, as opposed to the agreed-upon two-level search, contrary to the terms of the ESI Agreement.

15. The ESI collection by Defendant Clingerman/D4 proved highly problematic, as the failure of Defendant Clingerman/D4 to comply with the explicit terms of the ESI Agreement produced several million lines of data, including the capturing of pictures of Plaintiffs' children, personal text messages, emails, and other very troubling and sensitive information.

16. There were numerous instances in which D4, via its employees, agents, and or staff, including Defendant Clingerman, failed to adhere to the very agreement it certified to follow:

4

    i. D4 admitted that it failed to follow the ESI Agreement, which applied to unallocated space as it failed to apply the two-level search terms to the unallocated report. As a result, the data became unimaginable.

    ii. D4 included chats, call logs, voicemails, contacts, calendar items, videos, images, documents, and notes from Plaintiff Bethany Hall's iPhone.

    iii. D4 unilaterally expanded the search term parameters, which produced yet another 1,066 text messages.

    iv. D4 included family members within the Level 1 search parameters despite the fact that family members and/or inclusion of family members was not an agreed-upon Level 1 search term.

    v. D4 failed to create and separate any email correspondences to counsel for Plaintiffs Kenneth Hall and Bethany Hall for a review and determination of privilege.

    vi. D4 utilized the word "children" or performed the search of Plaintiff Kenneth Hall's children within the Level 1 search parameters, which was not an agreed-upon Level 1 search term.

    vii. D4 sent electronically stored information to Lisa Hall, who was not even a party to the litigation in the probate court, in violation of the ESI Agreement.

17. At no time prior to the data mining as described above did either Plaintiff Kenneth Hall or Bethany Hall, nor any personal representative on their behalf, approve any deviation from the parameters of the ESI Agreement. Instead, the unilateral decision to implement only a single-level search of Plaintiffs' electronic devices was made by Defendant Clingerman, D4, and/or Special Counsel.

18. Upon information and belief, D4 and Special Counsel was sold

5

to Consilio, LLC, in August of 2021. Defendant Clingerman was then employed by Consilio, LLC, at the time of Consilio's purchase of D4 and Special Counsel.

19. Defendants accessed Plaintiffs' electronic devices in a manner contrary to the terms of the ESI Agreement constituted an unauthorized and inappropriate invasion of privacy, which is a criminal offense under Michigan Law.

20. As a result of this violation, Plaintiffs have sustained damages for which they now seek recovery.

## CAUSES OF ACTION

### A. Breach of Contract

21. Plaintiffs hereby incorporate by reference each and every allegation set forth in paragraphs 1-20 as if fully set forth herein.

22. At all times relevant hereto, Defendants were acting pursuant to the ESI Agreement as entered into by the parties to the action in the probate court. Defendants certified their compliance with the terms of the ESI Agreement.

23. A valid contract existed between Plaintiffs and Defendants, which set out the terms and parameters for data mining and searching Plaintiffs respective electronic devices.

6

24. In consideration of the contract, Defendants were compensated for their eDiscovery services.

25. Defendants conduct in searching Plaintiffs' electronic devices in the manner and form stated herein constituted a breach of the explicit terms of the binding contract between the parties.

26. Plaintiffs have been damaged by Defendants' breach of the valid contract, as the same resulted in both monetary damages and an intrusive invasion of personal privacy.

**B.    Negligence**

27. Plaintiffs hereby incorporate by reference each and every allegation set forth in paragraphs 1-26 as if fully set forth herein.

28. Defendants had a duty to act with reasonable care in following the agreed-upon search terms and protocols as set forth in the ESI Agreement, including the use of the agreed-upon search terms and to conduct a two-level search of Plaintiffs' electronic devices.

29. Defendants further had a duty to train, instruct, and oversee their technicians, including Defendant Clingerman, to ensure that all technicians understood the proper procedure and protocol for performing data collection of personal electronic devices.

30. The following acts and omissions of Defendants constituted

breaches of their duties owed to Plaintiffs in the following manner:

    i.    Failing to follow the ESI Agreement, which applied to unallocated space as it failed to apply the two-level search terms to the unallocated report. As a result, the data became unimaginable.

    ii.    Including chats, call logs, voicemails, contacts, calendar items, videos, images, documents, and notes from Plaintiff Bethany Hall's iPhone.

    iii.    Unilaterally expanding the search term parameters, which produced yet another 1,066 text messages.

    iv.    Including family members within the Level 1 search parameters despite the fact that family members and/or inclusion of family members was not an agreed-upon Level 1 search term.

    v.    Failing to create and separate any email correspondences to counsel for Plaintiffs Kenneth Hall and Bethany Hall for a review and determination of privilege.

    vi.    Utilizing the word "children" or performed the search of Plaintiff Kenneth Hall's children within the Level 1 search parameters, which was not an agreed-upon Level 1 search term.

    vii.    Sending electronically stored information to Lisa Hall, who was not even a party to the litigation in the probate court, in violation of the ESI Agreement.

31.    Each of Defendants' acts and/or omissions constitutes negligence, which proximately caused Plaintiffs to suffer injuries and damages as set forth herein.

**C.**    ***Gross Negligence***

32.    Plaintiffs hereby incorporate by reference each and every allegation set forth in paragraphs 1-31 as if fully set forth herein.

33. The acts and/or omissions of Defendants constitute gross negligence within the meaning of Michigan law, as their conduct in deviating from the agreed-upon search parameters of the ESI Agreement was so reckless that it demonstrated a substantial lack of concern for whether an injury would result.

34. Deviating from the agreed-upon protocols without the prior authorization of Plaintiffs posed an extreme risk that the same would lead to the production of many more million lines of data, including data of personal and sensitive nature, including pictures of Plaintiffs' children, personal text messages, emails, and other very troubling and sensitive information.

35. Despite this known risk, Defendants belied the express contract between the parties, causing the collection of many more million lines of data, which included the aforementioned personal and sensitive information.

36. Defendants' grossly negligent conduct entitles Plaintiffs to an award of exemplary damages for the humiliation, embarrassment, and outrage caused by Defendants' willful, wanton, and grossly negligent conduct.

D. **Invasion of Privacy**

37. Plaintiffs hereby incorporate by reference each and every allegation set forth in paragraphs 1-36 as if fully set forth herein.

38. Defendants' conduct in deviating from the express terms of the ESI Agreement constitutes an unwarranted invasion of privacy.

39. In failing to conduct the two level-search and by utilizing search terms such as "children" in the Level 1 search parameters, despite a lack of authorization for doing so, Defendants intruded upon Plaintiffs' private affairs and subject matter.

40. Defendants' violation of the search protocols produced several million lines of data, including the capturing of pictures of Plaintiffs' children, personal text messages, emails, voice mails, calendar entries and other very troubling and sensitive information, which would not have been produced but for Defendants unwarranted deviation from the terms of the contract.

41. Plaintiffs had a right to keep the matters intruded upon by Defendants private and/or a secret.

42. Defendants intruded and invaded Plaintiffs right to keep such information private by obtaining the information through unreasonable and objectionable methods—that being a clear and irrefutable violation of the parameters of the ESI Agreement. A primary purpose of the contract was to prevent the very same invasions of privacy from occurring by limiting the scope of the data collection.

43. The invasion of privacy in this case is highly offensive to a

GIARMARCO, MULLINS & HORTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW
Tenth Floor Columbia Center—101 West Big Beaver Road—Troy, Michigan 48084-5280—P: (248)457-7000—F: (248) 457-7001—www.gmhlaw.com

reasonable person, including Plaintiffs in this case. Any reasonable individual would find it highly offensive for photographs of his or her children, personal text messages, voice mails messages, and the like to be collected, in violation of a contract, by an entity such as an eDiscovery firm.

44. This invasion of privacy has caused Plaintiffs humiliation, embarrassment, and outrage, which they otherwise would not have been forced to endure but for Defendants' clear violation of the ESI Agreement.

**E. Negligence Per Se**

45. Plaintiffs hereby incorporate by reference each and every allegation set forth in paragraphs 1-44 as if fully set forth herein.

46. Defendants' acts and/or omissions constituted one or more violations of Michigan criminal statutes, for which tort liability may be imposed and for which Defendants have no legal excuse.

47. Defendants violated MCL 752.795, as they fraudulently accessed Plaintiffs' computers, computers systems, and/or other electronic devices by exceeding the scope of their authorization for doing so.

48. Specifically, although Defendants had limited authorization to access Plaintiffs' electronic devices pursuant to the ESI Agreement, Defendants exceeded the scope of that authorization by deviating from the explicit terms of the same.

49. Defendants' violation of MCL 752.795 creates a rebuttable presumption of negligence by Defendants.

50. As a direct and proximate result of Defendants breach of Michigan criminal statute, Plaintiffs sustained injuries and damages as set forth herein.

### F. Vicarious Liability

51. Plaintiffs hereby incorporate by reference each and every allegation set forth in paragraphs 1-50 as if fully set forth herein.

52. At all times relevant to this lawsuit, Defendant John Clingerman was an employee, agent, servant, and/or representative of Defendants Special Counsel Inc, D4 and Consilio, LLC.

53. At the time of the occurrence forming the basis of this lawsuit, Defendant Clingerman was acting within the course and scope of his employment and/or agency relationship and in furtherance of his principal/employer's business.

54. As such, Defendants Special Counsel, Inc., D4 and Consilio, LLC, are vicariously liable for the acts and/or omissions of Defendant Clingerman.

## DAMAGES

55. As a direct and proximate result of the negligent and intentional conduct of Defendants, Plaintiff has incurred actual damages, including but not limited to the following:

   a. Actual damages;
   b. Exemplary damages;
   c. Pre-judgement and post-judgement interest;
   d. Court costs
   e. Attorney fees; and
   f. All other relief to which Plaintiff is entitled.

WHEREFORE, Plaintiffs request that this Honorable Court enter a judgment in their favor and against the Defendants and award the following damages:

   a. Actual damages;
   b. Exemplary damages;
   c. Pre-judgement and post-judgment interest;
   d. Court costs
   e. Attorney fees; and
   f. All other relief to which Plaintiff is entitled.

Respectfully submitted,

GIARMARCO, MULLINS & HORTON, P.C.

BY: /s/ Jared M. Trust
   JARED M. TRUST (P72993)
   DAVID A. OCCHIUTO (P84508)
   Attorneys for Plaintiff
   101 West Big Beaver Road, 10th Floor
   Troy, MI 48084-5280
   jtrust@gmhlaw.com
   docchiuto@gmhlaw.com
Dated: June 19, 2023    (248) 457-7049